UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC WILLIAMS,<br>　　　　　Plaintiff,<br>　v.<br>NANCY A. BERRYHILL,<br>　　　　　Defendant. | Case No. 4:19-cv-02339-KAW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 17, 20 |

Plaintiff Cedric Williams seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for payment of benefits, or, in the alternative, for further proceedings.

Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, DENIES Defendant's cross-motion for summary judgment, and remands this case for an immediate award of benefits.

### I. BACKGROUND

Plaintiff filed for Title XVI benefits on July 31, 2012. Administrative Record ("AR") 19, 172. Plaintiff asserted disability beginning July 31, 2012. *Id*. The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. AR 119-125. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); the hearing was held on June 12, 2014. AR 19.

Following the hearing, the ALJ denied Plaintiff's application on September 15, 2014. AR 19-28. A request for review of the ALJ's decision was filed with the Appeals Council on

November 5, 2014. AR 7-8. The Appeals Council denied Plaintiff's request for review on March 18, 2016. AR 1. On May 3, 2016, Plaintiff filed a complaint in the United States District Court, challenging the Commissioner's unfavorable decision. AR 658. On June 26, 2017, Magistrate Judge Sallie Kim remanded the case for further proceedings. AR 684. On May 16, 2018, Plaintiff, represented by counsel, again testified before an ALJ. AR 506-564. On November 13, 2018, another ALJ issued a decision finding that Plaintiff was not disabled for the purposes of the Social Security Act. AR 486-498. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on August 14, 2019. AR 471-473. Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.)

On October 2, 2019, Plaintiff filed his motion for summary judgment. (Pl.'s Mot., Dkt. No. 17.) On November 27, 2019, Defendant filed an opposition and cross-motion for summary judgment. (Def.'s Opp'n, Dkt. No. 20.) On December 18, 2019, Plaintiff filed his reply. (Pl.'s Reply, Dkt. No. 23.)

## II.  LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under Social Security Administration ("SSA") regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in

substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

### III.   DISCUSSION

Plaintiff challenges the ALJ's decision on five grounds: (1) the ALJ erred in evaluating the medical evidence (2) the ALJ erred in evaluating Plaintiff's statement, (3) the ALJ erred in determining whether Plaintiff's impairment meet or equal a listing, (4) the ALJ erred in determining Plaintiff's RFC, and (5) the ALJ erred in determining that Plaintiff can perform his past work and other work. (Pl.'s Mot. at 5-20.)

Since remand for an immediate award of benefits is appropriate, the Court will only address those arguments that justify remand.

**A.   Whether the ALJ Properly Evaluated the Medical Evidence.**

The court "distinguish[es] among the opinions of three types of physicians: (1) those who

treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id*. (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). "At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing reasons.'" *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). If a treating physician's medical opinion is contradicted by another doctor, the ALJ must identify specific legitimate reasons supported by substantial evidence to give more weight to the non-treating doctor's opinion. *Id*.

Plaintiff contends that the ALJ erred in weighing the medical evidence. (Pl.'s Mot. at 6.) Plaintiff asserts that the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of the treating psychiatrist Dr. Saini and examining psychologist Dr. Wiebe. *Id*. at 8.

### i. Dr. Saini

Plaintiff argues that the ALJ erred in not specifically assigning any weight to Dr. Saini's opinion, and, instead, only stating that little weight was assigned to Plaintiff's GAF score because such scores are of little value in assessing a claimant's level of function over time. (Pl.'s Mot. at 6.) An ALJ errs when he does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Here, the ALJ found that according to Dr. Saini's initial assessment, Plaintiff was able to understand simple oral and written instructions but had moderate limitation in the ability to adapt to work situations. AR 492. The ALJ also noted that Dr. Saini's diagnoses included a psychotic disorder not otherwise specified and a history of substance-induced psychosis. *Id*. Other than those two findings, however, the ALJ did not specify how much weight was given to Dr. Saini's opinion nor explain whether the ALJ found Dr. Saini's opinions persuasive.

Defendant argues that the ALJ properly considered the medical evidence, and the medical evidence does not contain a substantive functional assessment from Dr. Saini to which the ALJ

4

could assign weight. (Def.'s Opp'n at 3.)  As a result, Defendant contends that the ALJ neither rejected nor dismissed Dr. Saini's diagnoses. *Id*. Defendant's assertion that the medical evidence does not contain substantive functional assessment is incorrect.  To the contrary, Dr. Saini completed and signed his treatment notes on the Evaluation Form for Mental Disorders produced by the Social Security Administration's State Disability Determination Service division. AR 418-422. The government form includes questions about Plaintiff's mental status examination and current level of functioning. *Id*.  The form asks providers to provide specific examples of the patient's behavior, thinking and functioning that are necessary to make a determination regarding limitations due to mental status.  AR 418.  Dr. Saini reported that, while Plaintiff is capable of understanding simple oral and written instructions, his overall attention and concentration is low, but that he can perform some household chores. AR 421. In regard to Plaintiff's adaptation to work, Dr. Saini noted that Plaintiff's high anxiety and social anxiety limit his ability to adapt to a work environment. *Id*.  Dr. Saini's treatment summary also indicated that Plaintiff is unable to control his anxiety, that he is highly emotional, and that he struggles to control his anger. AR 416.

While the opinion of a treating physician is normally entitled to greater weight, the ALJ did not address whether the treating physician Dr. Saini's opinion was given any weight when assessing the opinion evidence from all the doctors.  AR 496.  Accordingly, the ALJ failed to articulate specific, legitimate reasons for presumably rejecting Dr. Saini's opinion.  Generally, the ALJ's failure to provide adequate reasons for rejecting medical opinions requires that they be accepted as true.  *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Thus, Dr. Saini's opinion must be accepted as true.

      **ii.   Dr. Wiebe**

Plaintiff argues that the ALJ erred in failing to provide specific and legitimate reasons for giving little weight to the opinion of examining psychologist Dr. Wiebe. (Pl.'s Mot. at 8.)  The ALJ assigned Dr. Wiebe's opinion little weight because the 2014 evaluation was inconsistent with Plaintiff's treatment records and unsupported by the observations of Drs. Bodepudi and Rana.  AR 493.  The ALJ also gave little weight to the psychological evaluations performed by Dr. Wiebe on April 26, 2017 and May 3, 2018 because her results and opinions that Plaintiff had a listing-level

impairment are generally consistent with her initial evaluation. *Id*. Additionally, the ALJ found that Dr. Wiebe's assessments are inconsistent with Plaintiff's treatment records and later work history. *Id*. Plaintiff contends that these are not specific and legitimate reasons to discount her medical opinion. (Pl.'s Mot. at 9.)

On the initial evaluation performed on May 11, 2014, Dr. Wiebe diagnosed Plaintiff with major depressive disorder, unspecified psychotic disorder, unspecified bipolar disorder, unspecified trauma-and-stressor-related disorder, personality disorder, neurocognitive disorder, and cocaine and alcohol dependency in sustained remission. AR 449. She opined that Plaintiff had listing-level mental impairment, with marked to extreme limitation in all domains except interacting with the public. AR 451. After the April 26, 2017 evaluation, Dr. Wiebe concluded that Plaintiff had marked limitations in all domains except understanding simple and detailed instructions and interacting with the public. AR 909. After the May 3, 2018 evaluation, Dr. Wiebe opined that Plaintiff had marked limitations in all domains except understanding simple instructions and interacting with the public. AR 934.

In opposition, Defendant contends that the ALJ properly assigned Dr. Wiebe's opinion little weight because it was inconsistent with Dr. Bodepudi and Dr. Rana's opinions, and Plaintiff's later work history. (Def.'s Opp'n at 3-4.) As an initial matter, the ALJ found that Plaintiff engaged in substantial gainful activity during a number of periods during which he alleged disability, including October 2015 through February 2016, and July through December 2017. AR 488-90. Periods of substantial gainful activity, however, do not preclude a finding of disability. *See Lingenfelter v. Astrue,* 504 F.3d 1028, 1038 (9th Cir. 2007) (failed attempts to maintain substantial gainful employment may support disability allegations). Indeed, Plaintiff testified to a sporadic work history that included providing in-home care for his sisters over a five-month period. AR 488, 521. Plaintiff would bring them food, carry groceries, perform simple household tasks, and watch television. AR 521. Plaintiff testified that he had to stop working for his sisters due to stress and anxiety that made it so he could not function. AR 522. Plaintiff later obtained two short-term construction jobs through a friend where he only occasionally worked a full 8-hour day. AR 531. Plaintiff testified that he was given special treatment by his bosses to

6

miss work if necessary, because they knew him and he was only a laborer, but, as a result, he never had a regular, full-time schedule. AR 531-32. Accordingly, the Court finds that Plaintiff's intermittent work history is not a specific and legitimate reason to discount Dr. Wiebe's medical opinion.

Dr. Bodepudi performed a consultative psychiatric evaluation on October 20, 2012. AR 353-356. Dr. Bodepudi found that Plaintiff had a good prognosis provided that he is given medication. AR 356. Dr. Bodpudi opined that Plaintiff had no impairment in understanding, remembering, completing simple instructions; no impairments to interact with the public, but that he prefers to be alone; no impairment to perform work activities on a consistent basis, and moderate difficulty with usual stressors in a competitive work environment, because Plaintiff gets nervous and stressed out easily which makes it hard for him to focus. AR 356. The ALJ assigned great weight to Dr. Bodepudi's opinion. AR 496. Plaintiff argues that Dr. Wiebe met with Plaintiff three times for a total of nearly 10 hours and administered a battery of tests on all three occasions, in addition to reviewing Plaintiff's medical records, while Dr. Bodepudi only examined Plaintiff once for an unknown length of time, administered a mental status examination, and reviewed no records. (Pl.'s Reply at 2; AR 353.) The Court agrees particularly given that the Bodepudi evaluation was in 2012 and only produced a cursory, four-page report. *See* AR 353-356. Thus, the Court finds that Dr. Bodepudi's opinion is not a legitimate reason to discount Dr. Wiebe's significantly more comprehensive evaluations.

Dr. Rana's consultative examination, which occurred on December 4, 2012, was a physical, internal medicine evaluation rather than a psychological evaluation. AR 358. In using Dr. Rana's evaluation to discount Dr. Wiebe's opinion, the ALJ stated that "claimant denied suicidal ideation, delusions, or hallucinations" when asked by Dr. Rana. AR 492 (citing AR 358). The Court notes that Dr. Rana's evaluation is not internally consistent in addressing Plaintiff's medical history. AR 358. For example, on the first page she gives an inconsistent recounting of his medication history, providing that Plaintiff "has never been on any medication" while also acknowledging that "[h]e states that he was on some antidepressants for a short while several years ago." *Id.* Thus, the fact that Dr. Rana's physical evaluation in 2012 addressed some basic

7

mental health areas that may be inconsistent with Dr. Wiebe's later assessments is not a legitimate reason to discount Dr. Wiebe's opinion.

Finally, the ALJ assigned little weight to Dr. Wiebe's opinion because it was inconsistent with Plaintiff's treatment records. AR 493. Specifically, the ALJ found that Plaintiff's sporadic treatment records were inconsistent with the existence of a severe mental impairment, particularly one as limiting as that to which Dr. Wiebe opined. AR 496. The Ninth Circuit has found that, "while a claimant may have failed to seek psychiatric treatment for his mental condition, it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Plaintiff has a history of homelessness and is marginally housed, so it is no surprise that he has had difficulty obtaining consistent mental health treatment. (*See* Pl.'s Mot. at 3 (citing AR 892); AR 456.) Plaintiff has obtained emergency psychiatric medication at Sausal Creek, psychiatric and psychotherapeutic care at South County Crisis, psychiatric and psychotherapeutic care at the Hume Center, and anger management at California State University East Bay. AR 368-85, 388-409, 416-22, 454-56, 911. Therefore, while Plaintiff has not obtained consistent psychiatric treatment, the lack of consistent treatment alone is not a legitimate reason to discredit the examining physician's opinion.

Based on the forgoing, the Court finds that the ALJ failed to identify specific legitimate reasons supported by substantial evidence to discount Dr. Wiebe's opinion regarding Plaintiff's mental limitation, so Dr. Wiebe's opinion will be accepted as true. *Lester*, 81 F.3d at 834 (citing *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)).[1]

The Court will next address how crediting Dr. Wiebe's opinion impacts the disability determination at step three.

### B. The ALJ erred in determining that Plaintiff did not meet or equal a listing.

Plaintiff argues that the ALJ erred in finding that Plaintiff's conditions did not meet or

---

[1] That there is medical evidence in the record that could justify a rejection of those medical opinions is immaterial. *See Harman v. Apfel*, 211 F.3d 1172, 1178-79 (9th Cir. 2000) (physician's opinion to be accepted as true even if there was evidence that could have been used to reject it).

8

equal a listing under 20 C.F.R. § 404, Subpart P, Appendix 1. (Pl.'s Mot. at 15.) Here, the ALJ found that Plaintiff's severe impairments consist of depressive disorder; anxiety disorder; polysubstance use disorder, in remission; "schizophrenia versus psychotic disorder with history of substance induced psychosis"; remote history of gunshot wounds to the legs; and reduced vision/visual impairment. AR 490. The ALJ found that Plaintiff's mental impairments did not meet or medically equal a listed impairment in 20 C.F.R. § 404, Subpart P, Appendix 1, because he did not satisfy the "paragraph B" criteria that he have one extreme or two marked limitations in the four broad areas of functioning, which are: "understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves." AR 490-91.

In opposition, Defendant argues that Plaintiff's "argument appears to be nothing more than a substantive repeat of his previous challenges to the ALJ's consideration of the evidence, particularly Dr. Wiebe's opinion." (Def.'s Opp'n at 6.) The Court agrees. Dr. Wiebe's opinion, as characterized by the ALJ, was that Plaintiff "had listing-level mental impairment, with marked to extreme limitation in all domains except interacting with the public." AR 492-93 (citing AR 435-52, 891-910, 916-34). Crediting Dr. Weibe's opinion as true, the Court finds that remand for an award of benefits is proper, since Plaintiff otherwise meets the listings for Section 12.03 (Schizophrenia spectrum and other psychotic disorders), 12.04 (Depressive, bipolar and related disorders), and 12.06 (Anxiety and obsessive-compulsive disorders) in 20 C.F.R. § 404, Subpart P, Appendix 1, and satisfies the paragraph B requirement that he experience one extreme limitation or two marked limitations in the four areas of mental functioning. AR 490-94.

### C. Remaining arguments

The Court need not address Plaintiff's remaining arguments, because he meets a listing at step three, which mandates a disability finding.

### D. Remand for an award of benefits is appropriate

While remand is required, it is only proper to remand for an immediate award of benefits if there are no outstanding issues that must be resolved before a determination of disability can be made. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (citations omitted). Specifically,

benefits may be awarded if:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292 (citations omitted); *see also Harman v. Apfel,* 211 F.3d at 1178; *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). As provided above, the ALJ's failure to properly reject the medical opinions of Plaintiff's treating and examining physicians, requires that those opinions be accepted as true. *See Pierce v. Astrue*, 382 Fed. Appx. 618, 619-20 (9th Cir. 2010). Meeting a "listing" at step three entitles a claimant to benefits. *Reddick*, 157 F.3d 715 at 721. Since Plaintiff meets a listing at step three after Dr. Wiebe's opinion is credited as true, remand for an immediate award of benefits is appropriate.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment, DENIES Defendant's cross-motion for summary judgment, and REMANDS this case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for an immediate award of benefits.

IT IS SO ORDERED.

Dated: November 30, 2020

KANDIS A. WESTMORE
United States Magistrate Judge